Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HILDAIRIS DÍAZ DÍAZ T/C/C HILDA IRIS DÍAZ DÍAZ<br><br>RECURRIDOS<br><br>V.<br><br>LA SUCESIÓN DE MANUEL ANTONIO SÁNCHEZ CABEZA; Y OTROS<br><br>PETICIONARIO | TA2025CE00380 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: K CD2010-1009<br><br>Sobre: COBRO DE DINERO (VÍA ORDINARIA) |

Panel integrado por su presidenta, la juez Ortiz Flores, la juez Brignoni Mártir y el juez Candelaria Rosa

**Brignoni Mártir, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de septiembre de 2025.

Comparece ante nos, Carlos B. Sánchez Renner (en adelante, "el peticionario."). A los fines de solicitar nuestra intervención para que dejemos sin efecto la *"Orden"* emitida el 29 de julio de 2025 y notificada el 30 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la referida *"Orden,"* el foro primario declaró *No Ha Lugar* la *"Solicitud de Relevo de Sentencia,"* presentada por el peticionario. Todo, dentro de un pleito civil ordinario sobre cobro de dinero cuya demandante es la señora Hilda Iris Díaz (en lo sucesivo, "la recurrida").

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* presentado y con ello *confirmamos* la *"Orden"* recurrida.

**I.**

A continuación, se resumen los hechos relevantes a la cuestión en litigio. El presente pleito tiene su origen el 23 de marzo de 2010, fecha en

que la demandante Helen Díaz Ynoa[1] ("demandante original"), presentó una causa de acción sobre cobro de dinero contra los herederos del causante Manuel Antonio Sánchez Cabeza.

Tras múltiples incidencias procesales innecesarias de pormenorizar, el 11 de abril de 2023,[2] el tribunal de instancia dictó sentencia en la que les ordenó a los herederos demandados satisfacer la cantidad principal de $121,393.26.

Así las cosas, el 25 de abril de 2025, el peticionario presentó *"Solicitud de Relevo de Sentencia."* En esencia, solicitó el relevo de la *"Sentencia"* dictaminada el 11 de abril de 2023, bajo los fundamentos de que surgió nueva evidencia y que el caso de epígrafe fue desestimado el 25 septiembre de 2015. Sobre la nueva evidencia, sostuvo que encontró entre las pertenencias de su fenecido padre catorce (14) cheques cancelados, algunos endosados a favor de la demandante original, los cuales sugieren a su juicio que el causante pagó parcial o totalmente la deuda objeto de litigio.

En cuanto al dictamen de desestimación, aseveró que éste fue emitido al no diligenciarse en tiempo los emplazamientos de los herederos que sustituirían a la codemandada Florence Mae Renner ("señora Mae Renner"). Sin embargo, adujo que la referida determinación no fue notificada debidamente a las partes lo que provocó que el pleito continuara su curso y resultara en una sentencia en contra de los herederos. Agregó, que no surge del expediente físico del caso que se haya notificado la determinación desestimatoria, pero sí se desprende del "tribunal electrónico" que algo se notificó el día 28 de septiembre de 2015. Entiende, que la ausencia de notificación violentó su debido proceso de ley. En virtud de los expuesto, peticionó que la sentencia del 11 de abril de 2023 fuera dejada sin efecto al amparo de la Regla 49.2 de

---

[1] La demandante original falleció el día 9 de julio de 2021, por lo cual fue sustituida por su hija, la aquí recurrida. Véase, *"Moción Solicitando Sustitución de Parte,"* presentada por la recurrida el día 16 de agosto de 2021.
[2] Es meritorio mencionar, que el 2 de junio de 2023, el peticionario apeló la referida *"Sentencia."* No obstante, su recurso fue desestimado por haberse presentado tardíamente.

Procedimiento Civil, 32 LPRA Ap. V, R. 49.2. En consecuencia, solicitó la reapertura del caso para que se considere la referida nueva evidencia.

En reacción, el 7 de julio de 2025, la recurrida presentó *"Moción en Oposición a Solicitud de Relevo de Sentencia."* Como primer argumento, arguyó que dicha petición es una a destiempo toda vez que han transcurrido más de dieciocho (18) meses desde que la *"Sentencia"* impugnada advino final y firme. Además, adujo que el peticionario incumple con el criterio de debida diligencia, puesto que lleva mas de ocho (8) años residiendo en la casa donde halló la alegada nueva evidencia y el causante falleció hace más de veinte (20) años. A su vez, esgrimió que la demandante original no tenía el deber de gestionar nuevos emplazamientos, dado que los herederos de la señora Mae Renner ya habían sido debidamente emplazados. Ante ello, peticionó que se declarara *No Ha Lugar* la *"Solicitud de Relevo de Sentencia."*

En atención de los escritos presentados, el 30 de julio de 2025, el foro recurrido notificó la *"Orden"* que hoy nos ocupa. Mediante esta, el referido foro declaró *No Ha Lugar* la *"Solicitud de Relevo de Sentencia."*

En desacuerdo, oportunamente el 29 de agosto de 2025, el peticionario compareció ante nos a través de un recurso de *certiorari.* Mediante este, esbozó los siguientes señalamientos de error:

> Erró el TPI al denegar el relevo sin exponer hechos ni derecho, pese de que se trata de un asunto jurisdiccional y de debido proceso que amerita examen detenido.

> Erró el TPI al ignorar la eficacia desestimación de 2015 y la falta al deber institucional de notificar la desestimación a las partes.

El 8 de septiembre de 2025, este Tribunal notificó una *"Resolución,"* por medio de la cual le concedió a la recurrida el término reglamentario de diez (10) días para presentar su alegato en oposición.

En la misma fecha, la recurrida presentó *"Oposición a la Expedición del Auto de Certiorari."*

Con el beneficio de la comparecencia de ambas partes, procedemos a esbozar el derecho aplicable a la cuestión en litigio.

**II.**

**A.      Recurso de _Certiorari:_**

El _certiorari_ es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión postsentencia de un tribunal inferior. _Rivera et al v. Arcos Dorados et al._, 212 DPR 194, 207 (2023); _Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc._, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del _certiorari_ "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". _Íd._ Ahora bien, el ejercicio de esta discreción no es absoluto.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, _In re Aprob. Enmdas. Reglamento TA,_ 2025 TSPR 42, pág. 62-63, 215 DPR ___ (2025), delimita los criterios para la expedición de un auto de _certiorari._ Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". _Rivera et al v. Arcos Dorados et al_, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. _BPPR v. SLG Gómez-López_, 213 DPR 314, 337 (2023); _Rivera et al v. Arcos Dorados et al_, supra; _Torres González v. Zaragoza Meléndez_, 211 DPR 821, 848 (2023); _800 Ponce de León v. American International_, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, _supra_, dispone los siguientes criterios:

> **A.**   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> **B.**   Si la situación de hechos planteada es la más indicada para el análisis del problema.

> **C.**   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> **D.**   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." Citibank v. ACBI, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; Graciani Rodríguez v. Garage Isla Verde, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; Pueblo v. Hernández Villanueva, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Íd; Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. íd. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de certiorari y ejercer nuestra función revisora.

**B.** **Moción de relevo de sentencia a tenor con la Regla 49.2 de Procedimiento Civil:**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, provee un mecanismo procesal para solicitar el relevo de los efectos de una sentencia. *García Colón v. Sucn. González*, 178 DPR 527, 539 (2010). Véase, también, *De Jesús Viñas v. González Lugo*, 170 DPR 499,

509 (2007).  A esos fines, la precitada regla establece las circunstancias que motivan el relevo de una sentencia, una orden o un procedimiento judicial. Éstas leen como sigue:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;
>
> (d) nulidad de la sentencia;
>
> (e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o
>
> (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. 32 LPRA Ap. V, R.49.2.

De existir alguno de estos escenarios, la regla debe "ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto la sentencia". *Náter v. Ramos*, 162 DPR 616, 625 (2004). El promovente de la solicitud de relevo de sentencia deberá presentarla "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Regla 49.2 de Procedimiento Civil, *supra*; véase, además, *Pérez Ríos et al. v. CPE*, 213 DPR 203, 215 (2023). No obstante, "si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto". *HRS Erase v. CMT*, 205 DPR 689, 699 (2020).

Este mecanismo procesal provee un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. Por una parte, aspira a "que todo caso se resuelva justamente, mientras que por otro lado se encuentra el interés de que los litigios concluyan." *HRS Erase v. CMT*, *supra*, pág. 698 (citando a *García Colón v. Sucn. González*, *supra*, pág. 540 (2010)).

El reconocimiento de esta acción no es una llave maestra para dejar sin efecto sentencias válidamente dictadas. *García Colón v. Sucn.*

*González, supra*, pág. 541; *Rivera v. Jaume*, 57 DPR 562, 574 (2002). Su concesión es un asunto altamente discrecional, por lo que es necesario demostrar que existen razones que justifican el remedio solicitado. *Reyes v. ELA et al.*, 155 DPR 799, 812 (2001). Por tanto, no está disponible para corregir errores de derecho o errores de apreciación o valoración de la prueba que debieron presentarse a través de un recurso apelativo o reconsideración. *Peña Lacern v. Martínez Hernández*, 210 DPR 425, 439 (2022); *García Colón v. Sucn. González, supra,* pág. 542.

**C.      Notificación de las determinaciones del Tribunal:**

En nuestro ordenamiento jurídico es norma firmemente establecida que, como corolario de la vertiente procesal del debido proceso de ley, las partes deben ser notificadas de los escritos que se producen dentro del trámite judicial. *Bco. Popular v. Andino Solis*, 192 DPR 172, 183 (2015). Ello, debido a que "la notificación es parte integral de una actuación judicial y para que una resolución u orden surta efecto, tiene que ser no solamente emitida por un tribunal con jurisdicción, sino también notificada adecuadamente a las partes, ya que es a partir de la notificación que comienzan a cursar los términos establecidos." *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501-502 (2019), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis de Puerto Rico, 2017, pág. 212. Es decir, de no notificarse adecuadamente, la resolución, orden o sentencia no surte efecto y los términos no comienzan a decursar. *Caro v. Cardona*, 158 DPR 592, 599-600 (2003).

La Regla 65.3 de Procedimiento Civil, enmarca las normas de notificación de las órdenes, resoluciones y sentencias emitidas por un tribunal.  Específicamente, los incisos (a) y (b) establecen lo siguiente:

> (a) Inmediatamente después de archivarse en autos copia de la notificación del registro y archivo de una orden, resolución o sentencia, el Secretario o Secretaria notificará tal archivo en la misma fecha a todas las partes que hayan comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo en autos de una orden, resolución o sentencia.

(b) El Secretario o Secretaria notificará a la última dirección que se haya consignado en el expediente por la parte que se autorrepresenta o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito. [sic]. 32 LPRA Ap. V R. 65.3.

Por su parte, la Regla 67.1 de Procedimiento Civil, dispone que "[t]oda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito." 32 LPRA Ap. V R. 67.1.

En cuanto a la debida notificación de una sentencia, nuestro Tribunal Supremo ha reconocido la obligatoriedad de una adecuada notificación, porque la falta de ésta incide en el derecho de una parte a cuestionar el dictamen judicial, y así enerva las garantías del debido proceso de ley. *R & G Mortgage v. Arroyo Torres y otros*, 180 DPR 511, 520 (2010). En este ejercicio, nuestro Tribunal Supremo ha expresado que:

> La correcta y oportuna notificación de las [*resoluciones*], órdenes y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial […] Resulta indispensable y crucial que se notifique adecuadamente de una determinación sujeta a revisión judicial a todas las partes cobijadas por tal derecho. *Caro v. Cardona,* supra, pág. 599.

**III.**

En síntesis, el peticionario nos solicita que revoquemos la *"Orden"* recurrida, puesto que ésta es contraria a la determinación desestimatoria alegadamente emitida el 25 de septiembre de 2015. A pesar de que la aludida desestimación no fue notificada a las partes, entiende que ello no es óbice para la existencia de sus efectos. Razona, que la falta de constancia de una notificación adecuada se debe a un presunto error de la Secretaría del Tribunal que no debe afectar a las partes. Es por ello que, en virtud de la determinación del 25 de septiembre de 2015, peticiona la declaración de nulidad de la Sentencia del 11 de abril de

2023, por aducidamente haberse dictado en ausencia de jurisdicción sobre la persona de varios de los codemandados.

Por su parte, la recurrida sostiene que esta Curia no debe inclinarse a expedir el auto de *certiorari* de epígrafe, toda vez que la solicitud de relevo de sentencia fue presentada tardíamente luego de transcurrir los seis (6) meses reglamentarios para efectuar dicha presentación. Además, asevera que el peticionario carece de argumentos para sostener que la alegada determinación del 25 de septiembre de 2015 tiene efecto jurídico alguno. A su vez, aduce que los herederos de la señora Mae Renner ya habían sido emplazados con anterioridad a su deceso. Aun así, alega que estos fueron nuevamente emplazados y que se evidenció el diligenciamiento requerido por nuestro ordenamiento procesal civil.

Examinados los argumentos y escritos presentados por las partes, determinamos al amparo de la Regla 40, *supra expedir* y *confirmar* la *"Orden"* recurrida. Los argumentos para tal decisión se exponen a continuación.

La Regla 49.2, *supra* establece un mecanismo postsentencia para que una parte pueda impugnar los efectos de un dictamen judicial. Su concesión no es de carácter compulsorio, puesto que depende de la sana discreción del juzgador. En este caso, no se cumplen los criterios necesarios para que el relevo de sentencia solicitado sea conferido.

Primeramente, el peticionario incumplió con el término improrrogable de seis (6) meses para presentar una petición de relevo de sentencia. Tomamos conocimiento, a tenor del caso KLAN202300488, que la *"Sentencia"* del 11 de abril de 2023 fue notificada el 2 de mayo de 2023. Sin embargo, la aludida *"Solicitud de Relevo de Sentencia"* fue presentada el día 25 de abril de 2025. Siendo así, resulta evidente que el peticionario presentó dicha solicitud a destiempo, puesto que habían transcurrido casi dos (2) años de haberse notificado la referida *"Sentencia."*

Nótese que la Regla 49.2, *supra* no impide que una parte, de así estimarlo, presente un pleito independiente en aras de lograr un relevo de sentencia. En este caso, el peticionario presentó su petición dentro del mismo pleito. Por consiguiente, le son de aplicabilidad los términos y consideraciones normativas atinentes a la presentación de relevos de sentencia que se efectúan dentro del mismo caso.

Habiendo considerado la precitada normativa general, procedemos a examinar el planteamiento de falta de jurisdicción levantado por el peticionario. Entiende el peticionario, que al dictaminarse la *"Sentencia"* del 11 de abril de 2023, el foro primario carecía de jurisdicción sobre la persona de algunos de los herederos codemandados debido a que no se acreditó el diligenciamiento de sus emplazamientos. Cónsono con lo anterior, aduce que el día 25 de septiembre de 2015, el foro primario emitió una determinación mediante la cual desestimó la reclamación incoada debido a la ausencia de un diligenciamiento oportuno. Si bien es cierto, que la parte que promueve una solicitud de relevo de sentencia puede presentar la misma expirado el aludido término de seis (6) meses cuando exista un planteamiento de nulidad de sentencia, en el presente caso los argumentos del peticionario y la prueba incluida por éste no demuestran que la *"Sentencia"* impugnada adolezca de nulidad.

De entrada, no existe controversia sobre que la referida determinación desestimatoria no fue debidamente notificada a las partes. Conforme expuesto, una decisión no notificada carece de efecto jurídico y los distintos términos que de ella dimanan no comienza a decursar. Otorgarle efectos a la determinación del 25 de septiembre de 2015 tendría el resultado de concederle vida a un dictamen inexistente. Además, de que con ello se lacera el debido proceso de ley de las partes litigantes y consecuentemente la oportunidad que les asiste a éstas de cuestionar los méritos del dictamen.

A su vez, más allá de sus dichos el peticionario no acompañó su recurso con alguna evidencia demostrativa del aducido incumplimiento

con el diligenciamiento de los emplazamientos. Cabe señalar que, tomamos conocimiento del caso KLAN202300488 el cual contiene escritos del peticionario de los que surgen relatos procesales que dan por cumplido el referido diligenciamiento.[3]

A tenor de las consideraciones anteriores, confirmamos la *"Orden"* recurrida.

**IV.**

Por los fundamentos que anteceden y en virtud de la facultad que nos confiere la Regla 40, *supra expedimos* el recurso de epígrafe. En consecuencia, *confirmamos* la *"Orden"* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Sobre el particular, refiérase al *"Alegato en Apelación"* del 2 de junio de 2023, presentado por el peticionario ante esta Curia en el caso KLAN202300488. En dicho recurso apelativo, el peticionario esbozó en lo atinente lo siguiente:

> Al fallecer la Sra. Florence Mae Renner, la parte demandante solicita sustitución de partes. Se inicia el proceso a partir del 29 de diciembre de 2014.
> El mismo día, la parte demandante presenta su segunda demanda enmendada.
> El 8 de junio de 2015 la parte demandante solicita expedir emplazamiento por edictos.
> El 30 de julio de 2015 la parte codemandada Carlos Sánchez Renner contesta la segunda demanda enmendada.
> El 10 de agosto de 2015 la parte demandante somete al TPI affidavit de periódico(s) sobre publicación de edictos.
> Véase, pág. (4) del *"Alegato en Apelación"*

El peticionario esbozó un tracto procesal similar en el escrito del mismo caso intitulado *"Réplica a Moción en Oposición a Moción en Cumplimiento con Orden del Codemandado Carlos Berna Sánchez Renner y/o Solicitud de Reconsideración de Orden del 15 de abril de 2021."* En este escrito, en lo pertinente, el peticionario menciona lo siguiente:

> La demanda original fue traída contra la sucesión del Lcdo. Manuel Antonio Sánchez Cabeza y su esposa Florence Mae Renner. Al fallecer la esposa del Lcdo. Sánchez Cabeza en el 2014, la demandante enmendó la demanda y emplaz[ó] a los herederos de doña Florence. Hasta el 2014, el caso lo llevó la representación legal de la madre de todos los co-demandados. Véase, apéndice 19-20 del caso KLAN202300488.